UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:07CV-00016

GREGORY AULL                                                                               PLAINTIFF

V.

DAVID OSBORNE, Daviess County Jailer,
in his personal and official capacities;
VICKI ISOM, in her personal and official
capacities; and
PAM BARTLETT, in her personal and
official capacities                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by the Plaintiff, Gregory Aull, to reconsider the Court's January 15, 2009 Memorandum Opinion and Order granting Defendants' motion for summary judgment on Plaintiff's Eighth Amendment deliberate indifference claims [DN 54]. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the motion by the Plaintiff to reconsider is denied.

## BACKGROUND

On January 15, 2009, the Court issued a Memorandum Opinion and Order granting Defendants' motion for summary judgment on Plaintiff's Eighth Amendment deliberate indifference to medical needs claims and declining to exercise supplemental jurisdiction over the state law claims. The Court found that the Plaintiff failed to establish the subjective component of the deliberate indifference standard. Specifically, the Court found that the record contained no indication that either Vicki Isom or Pam Bartlett knew of and

intentionally disregarded Plaintiff's medical needs.

On January 25, 2009, Plaintiff filed a motion to reconsider the January 15 Order pursuant to Federal Rule of Civil Procedure 59(e).  In support of its motion to reconsider, the Plaintiff argues that summary judgment on Plaintiff's Eighth Amendment claims against Nurses Isom and Bartlett was in error because the evidence demonstrates (1) that the Defendant nurses were aware of Plaintiff's diabetes; (2) that the Defendant nurses had actual knowledge that Plaintiff's symptoms were serious enough to require Plaintiff to be taken to the emergency room or to urgent care pursuant to standing doctor's protocols or orders; and (3) that the Defendant nurses were subjectively aware of Plaintiff's serious medical needs based on the "obviousness" of his condition.

## STANDARD

Motions to alter or amend judgment may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, *2 (E.D. Tenn. Dec. 17, 2008)(citing Fed. R. Civ. P. 59(e); Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).  Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" United States v. Abernathy, 2009 WL 55011, *1 (E.D. Mich. Jan. 7, 2009)(citation omitted).  See also Electric Ins. Co. v. Freudenberg-Nok, General Partnership, 487 F. Supp. 2d 894, 902

(W.D. Ky. 2007)("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."); Browning v. Pennerton, 2008 WL 4791491, *1 (E.D. Ky. October 24, 2008)("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."). Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, *2 (W.D. Ky. April 19, 2007).

## DISCUSSION

First, Plaintiff contends that summary judgment in favor of the Defendant nurses was improper because the record contains testimony from Ray Benson, a cell mate of Mr. Aull, that a nurse was told by Plaintiff that he had diabetes. (Ray Benson Deposition at 18.) Plaintiff argues that if Mr. Benson's testimony is credited, there is evidence that a jail nurse subjectively knew Plaintiff had diabetes and intentionally disregarded Plaintiff's medical condition.

In response to the Defendants' motion for summary judgment, Plaintiff argued that Isom and Bartlett were deliberately indifferent to his medical needs by providing cursory medical care and evaluation of Plaintiff; violating the standard of care by failing to take a complete basic nursing assessment of Plaintiff; by failing to follow written doctor's protocols that required Plaintiff to be seen by a doctor immediately because of his complaints of vomiting and abdominal pain; and by failing to follow normal jail medical practice to place an inmate in a medical observation cell after administering Phenergan to see if the treatment is effective. Not once did Plaintiff argue that Isom and Barlett were deliberately indifferent

3

to his medical needs because they were aware that he was a diabetic and failed to provide appropriate medical care for him. Plaintiff did not identify the testimony of Ray Benson as creating a genuine issue of material fact with respect to his Eighth Amendment claim or his state law negligence claims. Perhaps the reason Plaintiff failed to raise the argument that Mr. Benson's testimony demonstrated a genuine issue of material fact is because Mr. Benson also testified that Mr. Aull knew he was a diabetic, intentionally failed to notify the jail staff, intentionally made himself worse by eating excessive amounts of sugar, and purged himself in an effort to be released from jail.

Notwithstanding Plaintiff's failure to raise this argument, the Court located the portion of the deposition now relied upon by Plaintiff in the record and also found one lone statement about this in the discussion of the facts. (DN 40, Response to Motion for Summary Judgment at 19.) Given that this evidence was in the record at the time the Court decided the January 15, 2009 Memorandum Opinion and Order, the Court will address Mr. Benson's testimony.

The Court rejects Plaintiff's reliance on Mr. Benson's testimony to establish a genuine issue of material fact. Plaintiff is attempting to manufacture a genuine issue of material fact by submitting the deposition testimony of Mr. Benson which contradicts the Plaintiff's prior deposition testimony and counsel's original argument. In his sworn deposition, Plaintiff testified that he had never been told by anyone that he was a diabetic. He further testified that he had no history of diabetes. (Aull Deposition at 36-37.) Additionally, Plaintiff acknowledged that he indicated on his medical intake form that he was not a diabetic. (Id.)

4

Similarly, the medical request forms submitted by Plaintiff to the jail do not indicate that he was suffering from diabetes. Finally, in response to the motion for summary judgment, Plaintiff's counsel characterized Plaintiff as "an unknown and undiagnosed diabetic." (DN 40, Response to Motion for Summary Judgment at 2.) "[W]hen a plaintiff stakes himself to a version of the facts in his sworn deposition testimony, he cannot create a genuine issue of material fact by pointing to other evidence that contradicts his testimony, effectively asking the district court to disregard his own version of the facts." Sullivan v. City of Satsuma, 2005 WL 2895983, *5 (S.D. Ala. October 28, 2005). See also Evans v. Stephens, 407 F.3d 1272, 1278 (11th Cir. 2005)("When the nonmovant has testified to events, we do not (as urged by Plaintiffs' counsel) pick and choose bits from other witnesses' essentially incompatible accounts (in effect, declining to credit some of the nonmovant's own testimony) and then string together those portions of the record to form the story that we deem most helpful to the nonmovant."); Vigor v. City of Saraland, 2008 WL 5225821, *2 n. 8 (S.D. Ala. December 11, 2008)("[A] plaintiff cannot avoid summary judgment by stitching together a narrative account that rejects his own testimony in favor of some other contradictory bit of evidence."). For this reason, Plaintiff cannot utilize Mr. Benson's testimony to bolster his case by contradicting his own version of the facts. Accordingly, the Court finds that Mr. Benson's testimony does not create a genuine issue of material fact.

Second, the remaining arguments raised in Plaintiff's motion to reconsider were previously advanced by Plaintiff and addressed by the Court. "A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have

5

been argued earlier, but were not." Gray v. Commissioner of Social Sec., 2006 WL 3825066, *2 (E.D. Mich. December 13, 2006)(citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir.1998)).  Plaintiff may disagree with the Court's decision, but that is an issue for appeal, not reconsideration.

For these reasons, **IT IS HEREBY ORDERED** that the motion by Plaintiff to reconsider [DN 54] is **denied**.


cc: counsel of record